UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAUNTEL EVANS,** : | |
| **Petitioner** : | **CIVIL ACTION NO. 3:13-1562** |
| **v.** : | |
| **THOMAS CORBETT, et al.,** : | **(MANNION, D.J.)** **(BLEWITT, M.J.)** |
| **Respondents** : | |

**M E M O R A N D U M**

Petitioner Dauntel Evans brings the instant petition for habeas corpus pursuant to 28 U.S.C. §2254.[1] He asks for relief from his sentence on the grounds that he had ineffective assistance of counsel during the time he was convicted of the underlying offenses that resulted in him being imprisoned, and that he was given an excessive sentence that he believes to be illegal. (Doc. 1). Judge Blewitt has filed a report and recommendation in the matter, recommending that the petition be dismissed for untimeliness. (Doc. 23). Petitioner has not submitted objections to the report and recommendation. The court concurs with Judge Blewitt's report and will adopt it.

---

[1]While petitioner's notice of election indicates that he has not labeled his petition as a §2254 petition, the court concurs with Judge Blewitt's determination that it is, in fact, a §2254 petition. The petition itself clearly states that it is brought pursuant to 28 U.S.C. §2254, and the relief sought is only available to petitioner pursuant to a §2254 claim.

**I.    STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.     DISCUSSION

Petitioner is an inmate serving a sentence of seven and a half to fifteen years for indecent assault and other crimes. He seeks to have his sentence vacated and other relief. (Doc.1, at 14).

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court may only entertain a claim raised under §2254 that is filed within the one-year statute of limitations. 28 U.S.C. §2244(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). The one-year period, as relevant here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in a discretionary appeal to the state or United States Supreme Court. 28 U.S.C. §2244(d)(1)(A); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

The statute of limitations is calculated with respect to each claim raised in the habeas petition. Fielder, 379 F.3d at 121-22. The statute of limitations

3

is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. §2244(d)(1)(2); Wilson, 426 F.3d at 659; Merritt, 326 F.3d at 161-62. It is also equitably tolled where something "extraordinary" prevented the petitioner from raising his rights and the petitioner diligently pursued his rights, but equitable tolling should be used "sparingly." Pace, 544 U.S. 408, 125 S.Ct. at 1814; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005), cert. denied, 126 S.Ct. 473 (2005); Merritt, 326 F.3d at 168.

    The court agrees with the report. Judge Blewitt thoroughly outlines the timing of petitioner's conviction and appeals in state court. Petitioner was denied leave to appeal his conviction to the Pennsylvania Supreme Court on October 5, 2006. (Doc. 9-12). Petitioner had one year from that date to seek relief through means of a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §9545(b)(1). He did not do so. The court also agrees with Judge Blewitt's determination that because he did not seek PCRA relief, petitioner's conviction was final as of that date and he had one year to file his habeas petition pursuant to the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d). However, petitioner did not file the instant habeas petition until June 6, 2013. (Doc. 1). This delay of more than five years places petitioner well outside of the allowable time to file his petition.

    The court also agrees with the report's assessment that equitable tolling

is inapplicable in this case. Equitable tolling of the habeas statute of limitations is appropriate if petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented him from filing a timely habeas petition. Holland v. Florida, 560 U.S. 631, 632 (2010)(*citing* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Plaintiff has failed to demonstrate that any extraordinary circumstances prevented him from filing his petition in a timely manner. This is underscored by the more than five year delay in petitioner filing the instant petition. Accordingly, the petition will be dismissed as untimely.

Finally, pursuant to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability should issue. Pursuant to 28 U.S.C. §2253(c)(2), a habeas court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." Where a petition is denied on the merits, "the showing required to satisfy §2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the petition is dismissed on procedural grounds, a certificate is not warranted unless the petitioner demonstrates that jurists of reason would find debatable (1) whether the petition states a valid claim of a denial of a constitutional right; and (2)

whether the district court was correct in its procedural ruling. Id. The petitioner has satisfied neither showing in the instant action. Therefore, a certificate of appealability will not issue in this case.

Thus, Judge Blewitt's report, (Doc. 23), is **ADOPTED IN ITS ENTIRETY**. Respondents' motion to dismiss the petition, (Doc. 19), is **GRANTED**. The petition for habeas corpus is **DISMISSED**. No certificate of appealability shall issue. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 10, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1562-01.wpd